# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT JAHODA, and MATTHEW KOLESAR, | Case No.   2:21-cv-231 |
| Plaintiffs, | |
| v. | |
| PEACOCK TV, LLC, | |
| Defendant. | |

## COMPLAINT

Plaintiffs Robert Jahoda and Matthew Kolesar (collectively, "Plaintiffs"), through their undersigned counsel, bring this complaint against Defendant Peacock TV, LLC ("Peacock" or "Defendant"), and assert as follows:

## INTRODUCTION

1.     Plaintiffs bring this action against Defendant under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.* and its implementing regulations, in connection with Defendant's failure to offer blind patrons the full and equal enjoyment of its on-demand streaming entertainment services.

2.     Defendant offers consumers on-demand video streaming services through its website and mobile application where consumers can access a library of TV shows and movies to watch at their leisure.

3.     Defendant is responsible for the policies, practices, and procedures concerning its streaming services' development and maintenance.

4.      Defendant, however, fails to offer audio description tracks – an audio track that blind and visually impaired people need access to in order to experience the exclusively visual portions of the show or movie enjoyed by consumers without visual impairments – with its video content.

5.      Plaintiffs are individuals with visual disabilities who, at all times relevant for purposes of this action, have been legally disabled as defined by the ADA, 42 U.S.C. § 12102(2).

6.      Plaintiffs and others with visual disabilities who want to enjoy on-demand videos with audio descriptions must use streaming services other than Defendant's.

7.      Although audio descriptions are widely available for TV shows and movies, Defendant refuses to make those audio descriptions available to its consumers through its on-demand streaming services.

8.      Because customers with visual disabilities cannot equally enjoy the TV shows or movies without audio descriptions, Defendant deprives them of the same options, privileges, and advantages that it offers to people who can see.

9.      Plaintiffs seek the following declaratory and injunctive relief: (1) a declaration that Defendant's lack of audio descriptions violates the ADA as described in this complaint; and, (2) an injunction requiring Defendant to provide audio descriptions and a mechanism to choose audio descriptions for its on-demand streaming services so that they are fully and independently accessible to blind or other vision impaired individuals.

## JURISDICTION AND VENUE

10.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

11.     Plaintiffs' claims asserted in this complaint arose in this judicial district, and Defendant does substantial business in this judicial district.

12.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

13.     Plaintiff Robert Jahoda is and, at all times relevant hereto, was a resident of this District. Plaintiff is legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*. Mr. Jahoda knows that audio descriptions are not available through Defendant's streaming services. He has not subscribed to Peacock because he knows trying to use it would be futile.

14.     Plaintiff Matthew Kolesar is and, at all times relevant hereto, was a resident of this District. Plaintiff is legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq*. Mr. Kolesar knows that audio descriptions are not available through Defendant's streaming services. He has not subscribed to Peacock because he knows trying to use it would be futile.

15.     Defendant Peacock TV, LLC provides on-demand streaming services with its headquarters in New York City, New York.

## FACTUAL ALLEGATIONS

16.     Peacock offers digital video-streaming services to millions of Americans.

17.     Through Peacock's on-demand streaming services, users have access to "Hundreds of Movies. Bingeworthy TV. Sports. News. Pop Culture. Always-On Channels."[1]

18.     Users can browse Peacock's vast video selection, pick one to stream, and start watching in the comfort of their own home within a matter of minutes.

19.     In order to have access to and stream the content offered through Peacock's on-demand streaming service, customers must sign up for a Peacock account, or may access content by watching with someone who already has a subscription.

20.     Peacock offers three tiers of service that users can choose from. The free plan has a limited amount of video content and contains advertisements; the $5 per month plan provides access to all of Peacock's content and contains advertisements; the $10 per month plan provides access to all of Peacock's content and contains a limited amount of advertisements.

21.     Peacock users can access the on-demand streaming services through various web browsers, mobile or tablet devices, smart TV's, and streaming devices.[2]

22.     Though Defendant may have centralized policies regarding the maintenance and operation of its streaming services, Defendant has never had a plan or policy that is reasonably calculated to make its streaming services fully accessible to, and independently made usable by, individuals with visual disabilities.

23.     Peacock's blind and visually impaired on-demand users and potential users do not have full access to Peacock's video-streaming services because Peacock does not provide audio description tracks for video content provided on its platform.

---

[1] https://www.peacocktv.com/ (last accessed February 17, 2021).
[2] https://www.peacocktv.com/help/article/what-devices-and-platforms-are-supported-by-peacock (last accessed February 17, 2021).

24.     Audio description is an auxiliary aid that allows blind and visually impaired people to have a full audio-visual experience.[3] It is an audio track that narrates the key visual elements of video content so that blind and visually impaired people can experience significant actions and text-based information provided onscreen. Audio descriptions provide, for example, descriptions of scenes, settings, costumes, body language, and other non-verbal cues that would otherwise be missed by a person who is blind or visually impaired, but can be seen by those without visual impairment.

25.     Similar to closed captioning and subtitles, video providers offer audio description tracks as an option for the consumer to select during a TV show or movie.

26.     Peacock does not provide audio description tracks as an option for its on-demand users.

27.     Because Peacock does not provide audio description tracks, Plaintiffs have not signed up for the streaming service that they otherwise would be able to enjoy.

28.     Plaintiffs are frustrated that Defendant denies them and other customers with visual disabilities the same convenience of streaming TV shows and movies as is provided to customers without visual disabilities.

29.     This technology is not novel or unique. Netflix, Amazon Prime, and Hulu are just a few examples of streaming services that offer audio descriptions for their content. Major production studios also now provide audio description tracks for wide-released features, which are distributed with the films.

---

[3] Congress defined auxiliary aids and services to include "…taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments[.]" 42 U.S.C. § 12103(1)(B).

30.     Pursuant to the Twenty-First Century Communications and Video Accessibility Act of 2010 ("CVAA"), many television channels, including Defendant's, are required to provide audio description for a certain number of hours of prime-time content. See 47 C.F.R. § 79.3.

31.     Defendant has the ability to provide audio descriptions over Peacock but chooses not to. Between January 28 and February 3 of this year,  audio description enabled episodes of the following programs aired over cable:

    a)  Chicago Med;

    b)  Chicago Fire;

    c)  Chicago P.D.;

    d)  Mr. Mayor;

    e)  Superstore;

    f)  Law & Order: Special Victims Unit;

    g)  Wild Child;

    h)  Earth Odyssey With Dylan Dreyer;

    i)  Roots Less Traveled;

    j)  One Team: The Power of Sports;

    k)  Weakest Link;

    l)  Zoey's Extraordinary Playlist;

    m)  This Is Us; and

    n)  Nurses.

32.     All of the above-listed programs can be streamed over Peacock, but none can be streamed with audio description.

33.     Despite there being audio description tracks available for much of the content that Peacock has in its on-demand library, Peacock fails to provide such audio description tracks to its users.

34.     Plaintiffs seek to access Defendant's on-demand streaming content in the same manner that Defendant affords to people without vision loss.

35.     Absent the relief requested in this matter, Plaintiffs and individuals with visual disabilities will continue to be denied full and equal enjoyment of Defendant's streaming services.

## SUBSTANTIVE VIOLATION

## Title III of the ADA, 42 U.S.C. § 12181 *et seq.*

36.     The allegations set forth in the previous paragraphs are incorporated by reference.

37.     Defendant's on-demand streaming platform is a place of public accommodation as defined by the ADA because it is, or is a part of, a "place of exhibition or entertainment," a "sales or rental establishment," a "service establishment," a "library," a "gallery," and/or a "place of public display or collection." 28 C.F.R. § 36.104; 42 U.S.C. § 12181(7), and Defendant owns, operates, and controls the streaming platform. *See Gniewkowski v. Lettuce Entertain You Enter.*, 251 F. Supp. 3d 908 (W.D. Pa. 2017); *see also West v. Docusign, Inc.*, 2019 WL 3843054 (W.D. Pa. 2019).

38.     Pursuant to Title III, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

39.     Title III of the ADA imposes statutory and regulatory requirements to ensure persons with disabilities are not excluded, denied services, segregated or otherwise treated

differently than other individuals as a result of the absence of auxiliary aids and services. 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. §§ 36.303(a), (c). Under these provisions, public accommodations must furnish appropriate auxiliary aids and services that comply with their effective communication obligations. *Id.*

40.     Thus, to the extent Defendant does not provide Plaintiffs with appropriate auxiliary aids or full and equal access to its on-demand streaming services, it has violated the ADA.

41.     Auxiliary aids and services include "effective methods of making visually delivered materials available to individuals with visual impairments" such as audio description tracks. 42 U.S.C. § 12103(1)(B); *see also* 28 C.F.R. Part 36, Appendix C, Section 36.303 (noting that audio description services "may be considered appropriate auxiliary aids and services").

42.     In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability. 28 C.F.R. §§ 36.303(c)(1)(ii). To this end, the Ninth Circuit has explained, "assistive technology is not frozen in time: as technology advances, [ ] accommodations should advance as well." *Enyart v. Nat'l Conference of Bar Examiners*, *Inc.*, 630 F.3d 1153, 1163 (9th Cir. 2011).

43.     By failing to provide its on-demand entertainment content and services in a manner that is compatible with auxiliary aids, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

a)   denying individuals with visual disabilities opportunities to participate in and benefit from the goods, content, and services available through its on-demand streaming services;

b)  affording individuals with visual disabilities access to its on-demand streaming services that is not equal to, or as effective as, that afforded to others;

c)  utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuate the discrimination of others who are subject to common administrative control;

d)  denying individuals with visual disabilities effective communication, thereby excluding or otherwise treating them differently than others; and/or

e)  failing to make reasonable modifications in policies, practices, or procedures where necessary to afford its services, privileges, advantages, or accommodations to individuals with visual disabilities.

44.     Defendant has discriminated, and continues to discriminate, against Plaintiffs by failing to provide auxiliary aids and services such as audio descriptions and not making its streaming services fully accessible to, and independently usable by, individuals with visual disabilities.

45.     Because of Defendant's denial of full and equal access to blind or visually impaired users, Plaintiffs have not signed up for or been able to enjoy Peacock's on-demand streaming services.

46.     Defendant's ongoing violations of Title III have caused, and in the absence of an injunction will continue to cause, harm to Plaintiffs and other individuals with visual disabilities.

47.     Plaintiffs' claims are warranted by existing law or by non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

48.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiffs request relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief as follows:

       a.     A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its streaming services are fully accessible to, and independently usable by, individuals with visual disabilities;

       b.     A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its streaming service into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its streaming service is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law;

       c.     Payment of costs of suit;

       d.     Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, including costs of monitoring Defendant's compliance with the judgment. *See People Against Police Violence v. City of Pittsburg*h, 520 F.3d 226, 235 (3d Cir. 2008) ("This Court, like other Courts of Appeals, allows fees to be awarded for monitoring and enforcing Court orders and judgments."); *see also Gniewkowski v. Lettuce Entertain You Enterprises, Inc*., Case No. 2:16-cv01898-

10

AJS (W.D. Pa. Jan. 11, 2018) (ECF 191); *see also Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) (ECF 11);

      e.     Whatever other relief the Court deems just, equitable, and appropriate; and

      f.     An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders.

Dated:  February 17, 2021          Respectfully Submitted,

/s/ *R. Bruce Carlson*
R. Bruce Carlson
Nicholas A. Colella
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
bcarlson@carlsonlynch.com
ncolella@carlsonlynch.com

*Counsel for Plaintiffs*